UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

U.S.A. vs. Marvin Lorenzo Haskins                                     Docket No. 7:05-CR-6-1BO

### Petition for Action on Supervised Release

COMES NOW Erik J. Graf, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Marvin Lorenzo Haskins, who, upon an earlier plea of guilty to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on October 19, 2005, to the custody of the Bureau of Prisons for a term of 180 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. On March 8, 2007, the term of imprisonment was reduced to 135 months.

Marvin Lorenzo Haskins was released from custody on November 10, 2014, at which time the term of supervised release commenced.

On April 22, 2015, the court modified Haskins' conditions to include participation in a Cognitive Behavioral Therapy program, in response to his admission to using cocaine and his positive urine screen on April 7, 2015.

On May 5, 2015, the court modified Haskins' conditions to include that he be confined to the Bureau of Prisons for a period of 2 days in response to his admission to using cocaine and his positive urine screen on April 20, 2015.

On May 20, 2015, the court modified Haskins' conditions to include 90 days home detention in response to his admission to using cocaine and his positive urine screen on May 11, 2015.

On June 10, 2016, the court revoked Haskins' supervised release term due to incurring multiple positive urinalysis tests. Haskins was sentenced to 14 months custody in the United States Bureau of Prisons with a term of 46 months supervised release to follow.

On May 24, 2017, Haskins was released from custody at which time the term of supervised release resumed.

On July 27, 2017, the court modified Haskins' conditions to include participation in the DROPS Program in response to testing positive for cocaine on a urine screen conducted on July 5, 2017.

On January 26, 2018, Haskins served a 5-day DROPS sanction as a result of testing positive for cocaine on a urine screen conducted on September 5, 2017.

On June 14, 2018, the court modified Haskins' conditions to include 60 days location monitoring in response to his positive urine screen on June 7, 2018.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Haskins tested positive for cocaine on a urinalysis test conducted on December 20, 2018.

Haskins has an extensive history of violating the terms of his supervised release by using cocaine. He will comply with treatment and testing and perform well for long periods and then relapse. Since his last positive urinalysis test in June 2018, Haskins has submitted to 13 tests which have yielded negative results and he

Marvin Lorenzo Haskins
Docket No. 7:05-CR-6-1BO
Petition For Action
Page 2

has participated in substance abuse counseling and testing to a level high enough to warrant a reduction in his treatment.

When confronted with the positive result from his December 20, 2018, urinalysis test, Haskins admitted that he used cocaine in the days preceding the test in response to anxiety and stress in his life primarily associated with family relationships and learning that physicians have terminated cancer treatment care for his sister.

The treatment response to Haskins' use of cocaine will include the continuation of his current individual treatment treatments sessions and a return to the weekly relapse prevention group treatment sessions. Haskins performed well while in this program and only tested positive once terminated from these sessions. Haskins' urinalysis testing will also be increased. The punitive response to this violation will include the modification of the terms of Haskins' supervised release to include a 90-day period of location monitoring requiring he adhere to a curfew schedule.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 90 consecutive days. The defendant is restricted to his residence during the curfew hours. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

Except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ Robert L. Thornton<br>Robert L. Thornton<br>Supervising U.S. Probation Officer | /s/ Erik J. Graf<br>Erik J. Graf<br>U.S. Probation Officer<br>414 Chestnut Street, Suite 102<br>Wilmington, NC 28401<br>Phone: 910-679-2031<br>Executed On: January 10, 2019 |

## ORDER OF THE COURT

Considered and ordered this 10 day of January, 2019, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
Chief United States District Judge